IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

DEBRA A. KRUGER,                                          :
Administratrix for the Estate of                         :
JOHN H. KRUGER, and                                      :
DEBRA A. KRUGER, Individually,                           :       No.  12-05248
                          Plaintiff,                     :
                                                         :
        v.                                               :
                                                         :
LANCASTER COUNTY                                         :
        and                                              :
PRIME CARE MEDICAL, INC.t/a and d/b/a                    :
PRIME CARE MEDICAL, t/a and d/b/a                        :
PRIME CARE                                               :
        and                                              :
MEDICAL ASSOCIATES-UPMC,                                 :
        and                                              :
VINCENT GUARINI                                          :
        and                                              :
D. ERIK VON KIEL, M.D.                                   :
        and                                              :
ROBERT SHAMBAUGH, M.D.                                   :
        and                                              :
ELICIA STEIN                                             :
        and                                              :
CASSANDRA REYNOLDS, LPN                                  :
        and                                              :
MARC TURGEON, D.O.                                       :
        and                                              :
WILLIAM YOUNG M.D.                                       :
        and                                              :
CARRIE L. MCWILLIAMS                                     :
        and                                              :
BONITA (BONNIE) BAIR                                     :
        and                                              :
ROBERT SIEMASKO                                          :
        and                                              :
CHARLES E. DOUTS                                         :
                          Defendants.                    :

## FIRST AMENDED CIVIL COMPLAINT

### INTRODUCTION

1.     This is an action for money damages against Lancaster County, Prime Care Medical Inc., trading and doing business as Prime Care Medical, trading and doing business as Prime Care Medical Associates-UPMC.  Vincent Guarini, D. Erik Von Kiel, M.D. Robert Shambaugh, M.D., Elicia Stein, M.D. Cassandra Reynolds, LPN, Marc Turgeon, D.O., William Young M.D., Carrie McWilliams, Bonnie Bair, Robert Siemasko and Charles Douts for violations of Plaintiff's constitutional rights.

2.     Plaintiffs allege that Defendants Lancaster County, Vincent Guarini, D.Erik Von Kiel, M.D.  Robert Shambaugh, M.D., Elicia Stein, M.D., Cassandra Reynolds, LPN, Marc Turgeon, D.O., William Young M.D., Carrie McWilliams, Bonnie Bair,  Robert Siemasko and Charlie Douts were deliberately indifferent and recklessly indifferent to the Decedent's serious medical needs and rather than appropriately attend to his serious medical needs and suicidal behavior, including, but not limited to, recklessly and with deliberate indifference denying application for a 302 commitment and treatment of Plaintiff-Decedent;  removed Plaintiff-Decedent  from suicide status, failed to monitor him, recklessly housed him on the second tier of the Lancaster County Prison in disregard for the known suicide risk that leaps from the second tier presented; thereby resulting in his death by leaping and/or diving from the second tier of the Lancaster County Prison.

3.     Plaintiffs further allege that defendants Lancaster County, and Vincent Guarini, Warden of the Lancaster County Prison, Prime Care Medical Inc., trading and doing business as Prime Care Medical, trading and doing business as Prime Care Medical Associates-UPMC,

with deliberate indifference, failed to adequately and properly supervise and train crisis intervention workers, medical health care providers, including mental health care providers regarding inmate health care; failure to train and supervise corrections officers and prison staff concerning the care, treatment and management of mentally ill inmates including the plaintiffs' decedent and this failure was the proximate cause of the death of the Plaintiffs' Decedent, John H. Kruger.

4.       Plaintiffs further allege that defendants Lancaster County and Vincent Guarini, Warden of the Lancaster County Prison, Prime Care Medical Inc., trading and doing business as Prime Care Medical, trading and doing business as Prime Care Medical Associates-UPMC, with deliberate indifference and gross negligence permitted crisis intervention workers and non-medically trained or licenced individuals to make medical decisions relative to the mental health care needs of inmates, like Plaintiff's Decedent.

5.       The actions of the Defendants were without legal justification thereby violating Plaintiffs' Decedent's rights under the laws and Constitution of the United States in particular the 4th, 8th and 14th Amendments of the United States Constitution, 42 U.S.C. § 1983,42 U.S.C. §§ 12101 *et seq.*, and the Decedent's rights under the Constitution and laws of the Commonwealth of Pennsylvania including 37 Pa. Code, § 91.6 *et seq.*  Through the deliberate indifference to the Decedent's serious medical needs and without just cause, Defendants violated the laws of the Commonwealth of Pennsylvania, the Rules and Regulations of the Lancaster County Prison and the County of Lancaster, regarding the care and treatment of suicidal inmates. Plaintiffs allege that Lancaster County, Warden Vincent Guarini and  Prime Care Medical Inc., trading and doing business as Prime Care Medical, trading and doing business as Prime Care Medical Associates-

- 3 -

UPMC failed to provide training and supervision concerning the rights of inmates and the treatment of mentally ill inmates by medical providers, corrections officers and prison staff amounting to gross negligence, reckless disregard and deliberate indifference to the safety and lives of the inmates within the prison particularly the Plaintiffs' Decedent John H. Kruger.

6.      Further, Defendants Vincent Guarini and Lancaster County are directly liable and responsible for the acts of all of the Defendants because they repeatedly and knowingly failed to enforce the laws and guidelines of Pennsylvania and the regulations of Lancaster County Prison, failed to provide adequate staffing and policy to assure safety pertaining to the care and treatment of mentally ill inmates thereby creating within the Lancaster County Prison Corrections Department an atmosphere of lawlessness in which prison staff deny medical and psychological care to inmates in the belief that such will be condoned and justified by their superiors.

7.      Plaintiffs file the within Civil Action Complaint and request judgment against Defendants jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney's fees pursuant to 42 U.S.C. § 1988 and damages for delay.

**JURISDICTION**

8.      This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12101 et seq. and the 4th, 8th and 14th Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke pendant jurisdiction of this Court to consider claims arising under laws of the Commonwealth of Pennsylvania.

- 4 -

## PARTIES

9.      Plaintiff, Debra Kruger, is the Administratrix of the Estate of John H. Kruger, letters of administration having been granted on April 21, 2011, by the Register of Wills of Lancaster County, Pennsylvania. Plaintiff is the widow of Plaintiff's Decedent, an adult individual, and resides at the above captioned address.

10.     Plaintiff brings this action pursuant to Pa. Cons. Stat. § 8301 and Pa. R.C.P. 2202(a) as the personal representative of Decedent John H. Kruger, on her own behalf, and on behalf of all those entitled by law to recover damages for the wrongful death of Decedent John H. Kruger.

11.     The names and addresses of persons legally entitled to recover damages for the death of Decedent and the relationship to the Decedent John H. Kruger are as follows:

| Name | Address | Relationship to Decedent |
|------|---------|--------------------------|
| Debra A. Kruger | 7 Grafton Circle, Lancaster, Pa  17603 | Widow |
| Jennifer Kruger | 7 Grafton Circle, Lancaster, Pa  17603 | Daughter |

12.     Upon information and belief, Plaintiffs' decedent had no other children other than the afore-named Jennifer Kruger who is a minor. The above-named beneficiaries are his proper and only surviving heirs and his Widow, Debra Kruger, is the only necessary Plaintiff in this case.

13.     Plaintiff brings this action on behalf of Decedent's Estate pursuant to 20 Pa. Constitutional Statute § 3373 and 42 Pa. Constitutional Statute § 8302 for damages suffered by the Estate as a result of Decedent's death as well as for the pain, suffering, and humiliation which Decedent underwent prior to his death.

14.     At no time during his life did Plaintiffs' decedent John H. Kruger bring an action to recover damages for his personal injuries concerning this matter and no other action has been commenced to recover damages for his death.

15.     Defendant Lancaster County is, and at all times relevant to this Complaint, was, a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and is located at 50 North Duke Street, in the City and County of Lancaster, and at all times relevant, employed the Defendants Vincent Guarini, D. Erik Von Kiel, M.D., Robert Shambaugh, M.D., Elicia Stein, M.D. Cassandra Reynolds, LPN, Marc Turgeon, D.O., William Young M.D.,Carrie McWilliams, Bonnie Bair, Robert Siemasko and Charles Douts.

16.     Defendant Vincent Guarini was, at all times relevant as described in this Complaint, the Warden of the Lancaster County Prison and was acting in this capacity as the agent, servant and employee of Defendant Lancaster County, with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. As Warden he was the commanding officer of Defendants, D. Erik Von Kiel, M.D., Robert Shambaugh, M.D., Elicia Stein, M.D., Cassandra Reynolds, LPN, Marc Turgeon, D.O., William Young M.D., Carrie McWilliams, Bonnie Bair, Robert Siemasko and Charles Douts and was responsible for the training, supervision and conduct of said Defendants as more fully set forth below, he was responsible by law for enforcing the regulations of the County of Lancaster Corrections Department and the Commonwealth of Pennsylvania, in particular, Title 37 of the Pennsylvania Code and the American Correctional Association Standards and for ensuring that Lancaster County corrections officers and staff obey the laws of the Commonwealth of Pennsylvania and United States of America. He is being sued individually and in his official capacity as Warden for the Lancaster

- 6 -

County Prison.

17.     Defendant D. Erik Von Kiel, M.D., was, at all times relevant, a duly appointed medical staff personnel of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Von Kiel was acting in his capacity as the agent, servant and/or employee of Defendant Lancaster County. As Medical Director of Lancaster County Prison Defendant Dr. Von Kiel is responsible for the training, supervision and conduct of defendant mental health providers, Robert Shambaugh, M.D.,  Elicia Stein, M.D., Cassandra Reynolds, LPN, Marc Turgeon, D.O., William Young M.D., Carrie McWilliams, Bonnie Bair and crisis intervention workers.  He is being sued individually and in his official capacity as a Lancaster County medical staff physician and Medical Director.

18.     Defendant Robert Shambaugh M.D., was, at all times relevant, a duly appointed medical staff personnel of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Shambaugh was acting in his capacity as the agent, servant and/or employee of Defendant Lancaster County. As medical staff of Lancaster County Prison Defendant Dr. Shambaugh is responsible for the training, supervision and conduct of defendant mental health providers, Elicia Stein, M.D., Cassandra Reynolds, LPN, Marc Turgeon, D.O., William Young M.D., Carrie McWilliams, Bonnie Bair and crisis intervention workers.  He is being sued individually and in his official capacity as a Lancaster County medical staff physician.

19.     Defendant Elicia Stein, M.D., was, at all times relevant, a duly appointed mental health provider of the County of Lancaster and the Lancaster County Prison with a business

- 7 -

address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Elicia Stein, M.D. was acting in her capacity as the agent, servant and employee of the Defendant Lancaster County. She is being sued individually and in her official capacity as a Lancaster County mental health provider.

20.      Defendant Marc Turgeon, D.O, was, at all times relevant, a duly appointed mental health provider of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Marc Turgeon, D.O. was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County. He is being sued individually and in his official capacity as a Lancaster County mental health provider.

21.      Defendant William Young M.D., was, at all times relevant, a duly appointed mental health provider of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Young was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County. He is being sued individually and in his official capacity as a Lancaster County mental health provider.

22.      Defendant Carrie McWilliams, was, at all times relevant, a duly appointed mental health counselor of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant McWilliams was acting in her capacity as the agent, servant and employee of the Defendant Lancaster County. She is being sued individually and in her official capacity as a Lancaster County mental health counselor.

- 8 -

23.    Defendant Cassandra Reynolds, was, at all times relevant, a duly appointed mental health counselor of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Reynolds was acting in her capacity as the agent, servant and employee of the Defendant Lancaster County. She is being sued individually and in her official capacity as a Lancaster County mental health counselor.

24.    Defendant Bonnie Bair, was, at all times relevant, a duly appointed mental health counselor of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Bair was acting in her capacity as the agent, servant and employee of the Defendant Lancaster County. She is being sued individually and in her official capacity as a Lancaster County mental health counselor.

25.    Defendant Robert Siemasko, was, at all times relevant, a duly appointed Deputy Warden for Treatment Services of the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. As Deputy Warden he is responsible for the training, supervision and conduct of the Medical Housing Unit staff of the Lancaster County Prison.  Mr. Siemasko was involved in the creation of the Suicide Status and Mental Health Status Standard Operating Procedure of March, 2001 which, it is believed , set forth policy and procedure at all times relevant hereto.  At all times relevant, Defendant Siemasko was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County. He is being sued individually and in his official capacity as a Deputy Warden for Treatment Services for the Lancaster County Prison.

26.     Defendant Charles Douts, was, at all times relevant, a duly appointed Director of

Facilities Management of the Lancaster County Prison with a business address of 625 East King

Street, Lancaster, Pennsylvania 17602. As Director of Facilities Management he is responsible

for managing the facility in a manner that, *inter alia*, reasonably reduces the known suicide risks

presented by the prison layout and structures, more specifically, to provide proper barriers to

prevent inmates from attempting suicide by leaping from the second tier of the housing unit at

Lancaster County Prison.  At all times relevant, Defendant Douts was acting in his capacity as

the agent, servant and employee of the Defendant Lancaster County. He is being sued

individually and in his official capacity as a Director of Facilities Management for the Lancaster

County Prison.

27.     Defendant PrimeCare Medical Associates, Inc., t/d/b/a PrimeCare Medical and

PrimeCare Medical Associates-UPMC, is a corporation organized under the laws of the

Commonwealth of Pennsylvania with a principal place of business located at 241-251 Freeport

Road, Pittsburgh, PA 15215.

## CAUSE OF ACTION

## COUNT ONE

### PLAINTIFF

### V.

## DEFENDANTS GUARINI, VON KIEL, SHAMBAUGH, STEIN, REYNOLDS, TURGEON, YOUNG,  MCWILLIAMS, BAIR, SIEMASKO AND DOUTS

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 27 ,

the same as if set forth at length herein.

28.     On or about January 18, 2011, Plaintiff's decedent, John H. Kruger, hereinafter

"Kruger" was incarcerated at the Lancaster County Prison.

29.     Upon information and belief, from January 18, 2011, until on or about March 22, 2011, Plaintiff's Decedent was, for various periods of time, housed on the second tier in the medical housing unit on a suicide watch.

30.     Upon information and belief, Defendants knew that Kruger was at risk of harming himself and/or others due to his mental status during the term of his incarceration at Lancaster County Prison.

31.     Upon information and belief, Defendant Shambaugh made application for a 302 commitment for Kruger on February 1, 2011 however the application was denied by a non-medically licensed individual in reckless disregard of and in deliberate indifference to, Kruger's mental health needs despite bizarre and suicidal behavior that was readily apparent.

32.     Upon information and belief, throughout the course of Plaintiff's Decedent's incarceration from January 18, 2011 through March 22, 2011, he consistently demonstrated erratic, self harming and  bizarre behavior and had made threats of suicide due to severe emotional distress and mental illness.

33.     Upon information and belief, Defendants Vincent Gaurino, Erik Von Kiel, M.D., Robert Shambaugh, M.D., Elicia Stein, M.D. Cassandra Reynolds, LPN, Marc Turgeon, D.O., William Young M.D., Carrie McWilliams, Bonnie Bair, Robert Siemasko and Charles Douts were aware of Kruger's past attempt to commit suicide and his erratic, self harming and  bizarre behavior.

34.     Defendants were aware of Kruger's extreme emotional upset, depression, erratic behavior, paranoia, hallucinations and threats of suicide, however, even in the face of an

- 11 -

application for a 302 commitment by Defendant Shambaugh on February 1, 2011, recklessly disregarded, and was deliberately indifferent to, the health care needs of Kruger by permitting the 302 application to be denied or otherwise ignored, by an unqualified individuals.

35.     Defendants were or should have been aware of information provided by Plaintiff's Decedent and his family members and Lancaster County Prison Personnel that Decedent suffered from mental illness, yet failed to place or maintain Kruger on suicide watch where his actions within the Lancaster County Prison  could be properly monitored.

36.     Defendants Vincent Guarini, Erik Von Kiel, M.D., Robert Shambaugh, M.D., Elicia Stein, M.D. Cassandra Reynolds, LPN, Marc Turgeon, D.O., William Young M.D., Carrie McWilliams, Bonnie Bair, Robert Siemasko and Charles Douts, were aware of information provided by Plaintiff's decedent and his family members and Lancaster Prison personnel that Decedent suffered from mental illness, yet failed to take necessary and reasonable steps to ensure that Decedent was properly monitored and recklessly, and with deliberate indifference, failed to provide Decedent with the care he needed to ensure his safety.  Further, upon  information and belief, Defendants released Kruger from suicide watch despite the fact that decedent remained suicidal.

37.     Defendants deliberately, intentionally, and/or with deliberate indifference to the Decedent's serious medical needs, failed to provide the Decedent with appropriate monitoring for a suicide watch.

38.     Despite Plaintiffs' decedent's threats to commit suicide and his erratic and bizarre behavior, his medical needs were ignored by Defendant's Vincent Guarini, Erik Von Kiel, M.D.,Robert Shambaugh, M.D., Elicia Stein, M.D. Cassandra Reynolds, LPN, Marc Turgeon,

D.O., William Young M.D., Prime Medical Inc., Lancaster County Office of Mental Health/Mental Retardation/Early Intervention, Carrie McWilliams, Bonnie Bair, Robert Siemasko and Charles Douts , and the Plaintiffs' decedent committed suicide by jumping from the second tier of the prison suffering severe closed head trauma.

     39.     Despite Plaintiff's decedent's history regarding attempts to commit suicide and despite his deteriorating mental health which was readily apparent to the Defendants, Decedent was not provided with adequate psychiatric care or medication, was denied treatment in the nature of a 302 commitment and was not appropriately monitored. Further, Decedent was placed in a unit with access to means to kill himself by leaping from the second tier of the facility, all in violation of his civil rights and with deliberate indifference to his serious medical needs.

     40.     On or about March 22, 2011, as a direct and proximate result of the Defendants' deliberate indifference to the Plaintiffs' Decedent's serious medical needs, Plaintiff's decedent committed suicide by leaping from the second tier of the facility, striking his head on the floor, and suffering severe head trauma resulting in his death.

     41.     Defendants intentionally, with reckless indifference or with deliberate indifference denied Plaintiffs' decedent reasonable and necessary medical care for his extreme emotional distress and depression without just and legal cause thereby violating Plaintiffs' decedent's rights under the Laws and Constitution of the United States in particular 42 U.S.C. § 1983 and the 4th, 8th and 14th Amendments to the U.S. Constitution and Decedent's rights under the Constitution and Laws of the Commonwealth of Pennsylvania.

     42.     In failing to provide appropriate medical care for the Plaintiffs' decedent's emotional distress and depression, Defendants directly violated the laws of the Commonwealth

of Pennsylvania and the Rules and Regulations of Lancaster County and the Lancaster County
Prison regarding medical care for inmates.

43.     As a direct and proximate result of the aforesaid actions of Defendants, Decedent
Kruger suffered severe personal injuries, was forced to endure great physical pain and suffering,
was forced to endure great mental and emotional pain and suffering, and death, all to his great
detriment and loss.

44.     As a direct and proximate result of the aforesaid actions of Defendants, Decedent
Kruger and his heirs suffered loss of past and future wages and other economic damages all to his
and their great detriment and loss.

45.     As a direct and proximate result of the aforesaid actions of the Defendants,
Decedent Kruger and his heirs incurred medical and funeral expenses all to his and their great
detriment and loss.

**WHEREFORE**, Plaintiff, Debra Kruger hereby demands judgment against the
Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred
Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering,
expense, loss of society and companionship, loss of wages and other economic damages,
attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further
relief as the Court finds just and equitable.

### COUNT TWO

**PLAINTIFF**
**V.**
**MUNICIPAL DEFENDANTS WARDEN VINCENT GUARINI
DEPUTY WARDEN ROBERT SIEMASKO, DIRECTOR OF FACILITIES
MANAGEMENT CHARLES DOUTS AND LANCASTER COUNTY**

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 45, the

- 14 -

same as if set forth at length herein.

46.     Prior to March 22, 2011, municipal Defendants Warden Vincent Guarini,

Deputy Warden Robert Siemasko and Charles Douts, Director of Facilities Management and

Lancaster County (hereinafter Municipal Defendants) permitted, encouraged, tolerated and

ratified a pattern and practice of unjustified, unreasonable and illegal deliberate indifference to

the serious medical needs of inmates in that:

     (a)     Municipal Defendants failed to discipline or prosecute in any manner, known incidents of abuse of powers and deliberate indifference to serious medical needs of inmates by prison staff;

     (b)     Municipal Defendants refused and /or failed to fully investigate complaints of previous incidents of abuse of powers, and deliberate indifference to serious medical needs of inmates and instead officially claimed that such incidents and indifference were justified and proper; and

     (c)     By means of both inaction and coverup of the deliberate indifference to serious medical needs by prison staff, Municipal Defendants led Defendant prison staff to believe that deliberate indifference to the serious medical needs of inmates was permissible.

47.     Municipal Defendants have maintained either no system or an inadequate system

of review of the medical care of inmates which system has failed to identify instances of

deliberate indifference to serious medical needs or failed to discipline or closely supervise or

retain prison staff who are deliberately indifferent to inmates' serious medical needs.

48.     Upon information and belief the system's deficiencies include but are not limited

to:

     (a)     Preparation of investigative reports designed to vindicate the indifference to serious medical needs regardless of whether such action or actions was justified;

     (b)     Preparation of investigative reports which uncritically rely solely on the prison staff and medical staff involved in the incidents and which systematically fail to credit testimony by non-staff and non-medical witnesses;

(c)     Preparation of investigative reports which omit factual information and physical evidence which contradicts accounts of the staff involved;

(d)     Issuance of public statements exonerating staff involved in such incidents prior to the conclusion of investigations;

(e)     Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence;

(f)     Failure to require properly licenced and trained medical providers to evaluate, consider and determine the mental status and needs of an inmate during the 302 commitment application process; and

(g)     Permitting non-licensed mental health staff to assess and make changes for the various levels of suicide status changes.

49.     Upon information and belief, Municipal Defendants also maintain a system of grossly inadequate training pertaining to the treatment of inmates suffering with mental illness, and pertaining to the law concerning deliberate indifference to the serious medical needs of inmates.

50.     Upon information and belief, Municipal Defendants provided an inadequate number of guards, doctors, nurses and counselors in relation to the number of prisoners housed in Lancaster County Prison and inadequate medical and psychiatric support services for said prisoners thereby causing the inmates' medical and psychiatric needs to be recklessly disregarded resulting in the violation of the rights of inmates including Plaintiffs' decedent.

51.     Municipal Defendants failed to promulgate and enforce a policy relating to the treatment of serious medical needs of inmates which is in violation of the laws of the Commonwealth of Pennsylvania and the United States Constitution thereby causing and encouraging prison staff, including Defendant prison staff and PrimeCare Medical Associates, Inc., to violate the rights of citizens such as the Decedent.

- 16 -

52.     Municipal Defendants failed to adequately sanction or discipline prison staff who are aware of and subsequently conceal and/or aid in the violations of Constitutional rights of citizens, including the 4th, 8th and 14th ' Amendment Rights violations by other Lancaster County Prison staff thereby causing and encouraging prison staff, including Defendant prison staff, to violate the rights of citizens such as the Decedent.

53.     Municipal Defendants have intentionally and/or with conscious indifference to the danger of harm to citizens like Decedent, established a system which fails to identify, track or report instances of improper denial of medical or psychiatric care and which is used by Municipal Defendants to conceal the extent to which medical staff engage in improper denial of medical care.

54.     The foregoing acts and omissions, systemic deficiencies, policies, practices and customs of Municipal Defendants have caused corrections officers and staff members of Municipal Defendants including the named Defendants and unknown prison staff in this case to be unaware of or to disregard the rules and laws governing medical treatment and/or psychiatric treatment for inmates, to believe that the denial of medical care without just cause is a proper practice for prison staff entirely within the discretion of the officers and prison staff involved, and that denial of medical and psychiatric care resulting in injury and death would not be honestly and properly investigated, all with the foreseeable result that officers and prison staff including the Defendants in the within action are more likely to improperly deny medical or psychological care where such action is neither necessary, reasonable, nor legal.

55.     Defendants Warden Guarini, Deputy Warden Siemasko, Charles Douts and Lancaster County as a matter of policy and practice have, with deliberate indifference, failed to adequately train, discipline, sanction or otherwise direct prison staff concerning the rights of

citizens and inmates particularly with regard to the 4th , 8th and 14th Amendment rights of the U.S. Constitution thereby causing the Defendants in the within matter to engage in the unlawful conduct described above.

56.     Defendant Guarini, Siemasko, Douts and Lancaster County are directly liable for their own acts and omissions specifically with regard to the failure to train and the promulgation of violations of Decedent's 4th, 8th and 14th Amendment Rights through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones and/or tolerates such violations.

57.     As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs, Municipal Defendants violated Decedent's 4th, 8th and 14th Amendment rights and improperly denied medical treatment and were deliberately indifferent to the serious medical needs of Plaintiff's decedent, including but not limited to, erecting equipment, devices or barriers to prevent the known risk of inmate's attempting suicide by leaping to their death from the second tier of the facility thereby causing severe personal injury and death, more specifically set forth in the preceding paragraphs of this Complaint.

**WHEREFORE**, Plaintiffs, Debra Kruger individually and as Administratrix of the Estate of John H. Kruger, hereby demands judgment against the Defendants jointly, severally, and in the alternative, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, humiliation, wage loss , medical expenses, funeral expenses, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

## COUNT THREE

## PLAINTIFF

## V.

## LANCASTER COUNTY, VINCENT GUARINI, ROBERT SIEMASKO AND CHARLIE DOUTS (AMERICANS WITH DISABILITIES ACT)

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 57, the same as if set forth at length herein.

58.     At all times relevant to this action, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 et seq. was in full force and effect in the United States.

59.     Plaintiffs' decedent, John H. Kruger enjoyed protection under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq, as a person with a disability. Decedent suffered from depression, alcohol dependence and depressive symptoms, which individually and together substantially limited one or more of his major life activities at the time he was incarcerated in the Lancaster County Prison.

60.     Defendants, at the time Decedent was incarcerated in the Lancaster County Prison and prior to his death, were aware that Decedent suffered from depression, alcohol dependence and depressive symptoms

61.     Lancaster County Prison is a place of accommodation

62.     Defendant Lancaster County owns and operates Lancaster County Prison.

63.     All other named Defendants are named in their individual and official capacities as employees of Lancaster County Prison and Lancaster County.

64.     Defendants failed to provide services to Decedent. Defendants failed to provide Decedent with the appropriate medical and psychiatric care. Additionally, Defendants failed to

provide Decedent with appropriate housing and supervision while incarcerated in the Lancaster County Prison.

65.     Defendants, while aware of Decedent's mental health disabilities and suicidal history and tendencies, never provided Decedent with appropriate care to include the proper evaluation and determination of the 302 commitment in February of 2011 by properly trained and credentialed medical providers, psychiatrist or physician, nor with appropriate medications. Defendants failed to house decedent appropriately and failed to provide the necessary supervision of the decedent.

66.     Defendants' failure to provide Decedent with necessary housing, services and supervision occurred because of Defendants' discrimination against Decedent due to his disability.

67.     Defendants, because of Decedent's disabilities, excluded Decedent from participation in appropriate housing, services and medical treatment for a person with a disability.

68.     Defendants' failure to provide Decedent with necessary and appropriate housing, services, medications and supervision was the direct and proximate cause of Decedent suffering serious bodily harm including death.

**WHEREFORE**, Plaintiffs, Debra Kruger, as Administratrix of the Estate of John H. Kruger hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excess of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, wage loss/ medical expenses, funeral expenses, attorney's fees, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

- 20 -

## COUNT FOUR

### PLAINTIFFS
### V.
### ALL DEFENDANTS (WRONGFUL DEATH)

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 68, the same as if set forth at length herein.

69. On the occasion in question, John H. Kruger, Decedent, was 50 years of age, in good physical health and had a reasonable life expectancy exceeding 20 years.

70. At the time of his death he was recently employed and had an earning potential.

71. Plaintiff's decedent was the husband of Debra Kruger and father of Jennifer Kruger, and provided to his wife and daughter and in all reasonable probability, he would have continued to provide for them for the remainder of their lives.

72. As a direct and proximate result of the acts and omissions and deliberate indifference to Plaintiff's serious medical needs by the Defendants and the resultant death of John H. Kruger, Plaintiff's decedent's surviving widow, Debra Kruger and surviving daughter Jennifer Kruger have been deprived of the financial support, emotional support, comfort, society, counsel, services and care of the Decedent all to their great detriment and loss.

73. As a further direct and proximate result of the acts and omissions and deliberate indifference to the Plaintiff's decedent's serious medical needs by the Defendants and the resultant death of John H. Kruger, it was reasonable and necessary to provide for the funeral service and the burial of the Decedent for which the Estate of John H. Kruger has spent or will spend considerable sum, which sum is fair, customary, reasonable and necessary.

**WHEREFORE**, Plaintiffs, Debra Kruger individually and as Administratrix for the Estate of John H. Kruger hereby demand judgment against the Defendants jointly, severally, and

in the alternative in an amount in excess of One Hundred Fifty Thousand Dollars ($150,00.00)

for the wrongful death, conscious pain and suffering, expense, loss of society and

companionship, wage loss, medical expense, funeral expenses, attorney's fees, punitive damages,

interest, costs, damages for delay and for such other and further relief as the Court finds just and

equitable.

**COUNT FIVE**

**PLAINTIFFS**

**V.**

**ALL DEFENDANTS (SURVIVAL ACTION)**

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 73, the

same as if set forth at length herein.

74.    Plaintiffs bring this Survival Action pursuant to 20 Pa. Cons. Stat. Ann. § 3373

and 42 Pa. Cons. Stat. Ann § 8302.

75.    As a direct and proximate result of the Defendants' actions/inactions, decedent

suffered and defendants are liable to Plaintiff's decedent for the following damages:

(a)    decedent's pain and suffering between the time of his injuries and the time
of his death;

(b)    decedent's total estimated future earnings less his estimated cost of
personal maintenance;

(c)    decedent's loss of retirement and Social Security income;

(d)    decedent's other financial loses suffered as a result of his death; and

(e)    decedent's loss of the enjoyment of life.

**WHEREFORE**, Plaintiffs, Debra Kruger individually and as Administratrix for the

Estate of John H. Kruger hereby demand judgment against the Defendants jointly, severally, and in the alternative in an amount in excess of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, wage loss, medical expense, funeral expenses, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT SIX**

**PLAINTIFFS**

**V.**

**ALL DEFENDANTS**

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 75, the same as set forth at length herein.

76.     The acts of Defendants alleged in the preceding paragraphs constitute violations of Plaintiffs constitutional rights under the 4th, 8th and 14th Amendments, 42 U.S.C. § 1983 and 42 U.S.C. §§ 12101 et seq.

77.     Plaintiffs are entitled to attorney's fees for the work performed by their attorneys in this action pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff, Debra Kruger, individually and as Administratrix of the Estate of John H. Kruger, hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excess of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, wage loss, medical expenses, funeral expenses, attorney's fees, punitive damages, interest, costs,

- 23 -

damages for delay and for such other and further relief as the Court finds just and equitable.

## COUNT SEVEN

### PLAINTIFFS

### V.

### DEFENDANTS GUARINI, VON KIEL, SHAMBAUGH, STEIN, REYNOLDS, TURGEON, YOUNG, ,MCWILLIAMS, BAIR, SIEMASKO AND DOUTS

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 77, the same as if set forth at length herein.

78.     The herein described conduct of Defendants was malicious, wanton, willful, reckless, indifferent and intentionally designed to inflict grievous bodily harm and mental distress upon the person of the Decedent.

79.     As a result of the malicious, wanton, wilful, reckless, deliberately indifferent and intentional conduct of Defendants, Plaintiffs demand punitive damages.

**WHEREFORE**, Plaintiff, Debra Kruger, individually and as Administratrix of the Estate of John H. Kruger, hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excess of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, wage loss, medical expenses, funeral expenses, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

## COUNT EIGHT

### JURY DEMAND

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 79, the same as if set forth at length herein.

80.     Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiff, Debra Kruger hereby demands judgment against the

Defendants jointly, severally, and in the alternative in an amount in excess of One Hundred Fifty

Thousand Dollars ($150,000.00) for the wrongful death, conscious pain and suffering, expense,

loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for

delay and for such other and further relief as the Court finds just and equitable.


Respectfully submitted,

**GIBLEY AND McWILLIAMS, P.C.**

By:_____
          Frank W. Baer, Esquire
          Attorney for Plaintiff
          Attorney I.D. #43866
          524 North Providence Road
          Media, PA 19063
          610-627-9500 - telephone
          610-627-2400 - facsimile

- 25 -